| | | |
|---|---|---|
| **BETTY WOODS**<br>2625 Liberty Parkway<br>Dundalk, Maryland 21222 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE CITY, |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL**<br>421 West Main Street<br>Frankfort, Kentucky 40601<br>SERVE ON: CSC-Lawyers Incorporating Service Company<br>7 Saint Paul Street<br>Suite 820<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>*<br><br>*<br><br>* | MARYLAND<br><br>CASE NO.<br><br>_____ |
| Defendants. | * | **JURY TRIAL DEMANDED** |

*******************************************************************

## COMPLAINT

Plaintiff Betty Woods, by and through her attorneys Lauren M. Geisser and Gilman & Bedigian, LLC, sues DOLGENCORP, LLC d/b/a Dollar General (hereinafter "Defendant") and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That the Defendant regularly does business in Baltimore City, Maryland.

2. That on or about November 19, 2014 Plaintiff was a lawful invitee onto the premises of 1197 Merritt Boulevard, Dundalk, Maryland 21222 to patronize the Dollar General.

3. That upon information and belief the premises of 1197 Merritt Boulevard, Dundalk, Maryland 21222 is owned, operated, managed, controlled, and maintained by Defendant.

4. That at approximately 4:45 p.m. on November 19, 2014 Plaintiff went to patronize the Premises. While walking into the Premises, Plaintiff tripped on a buckled mat that

was improperly placed on the ground, and struck her head and body causing a broken nose, broken facial bones, broken ribs, and contusions all over her body.

5. That the condition of the Premises created a hazard for Plaintiff.

## COUNT I
(Negligence)

6. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 5 of this Complaint, and all other counts, with the same effect as if herein fully set forth.

7. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said Premises including the escalators.

8. That as an invitee, Defendant owed the Plaintiff, a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

9. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy her patronage including but not limited to failing to ensure that the floor mats were properly placed and flush against the ground; and was otherwise negligent in causing this accident.

10. That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing her to be injured.

11. That as a proximate result of the negligence of the Defendant, Plaintiff, was caused to be seriously, painfully, and permanently injured about the nose, face, ribs, body, and limbs.

12. Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

13. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHERFORE this suit is brought and Plaintiff Betty Woods demands judgment against Defendant DOLGENCORP, LLC d/b/a Dollar General for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory Damages, plus interest and costs.

## COUNT II
(Premises Liability)

14. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 13 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

15. That Defendant retained exclusive ownership, possession, control and/or supervision of and over the said Premises including the lighting and handicap ramp.

16. That as an invitee, Defendant owed the Plaintiff, a duty to maintain the premises in such condition that the public would not be subjected to risks from the physical state of said premises, and to correct said dangerous or defective conditions which it knew or by the exercise of reasonable care should have known to have existed.

17.  That Defendant was negligent and careless by failing to exercise care and caution for the safety of others on its property; failed to maintain a safe environment for the Plaintiff to enjoy her patronage including but not limited to failing to ensure that the escalators were functioning properly; and was otherwise negligent in causing this accident.

18.  That Defendant was further negligent in that, despite actual and/or constructive notice of the unsafe and unreasonably dangerous condition, the Defendant failed to warn Plaintiff of the dangerous condition and failed to take proper precautions for the safety of the Plaintiff thereby causing her to be injured.

19.  That as a proximate result of the negligence of the Defendant, Plaintiff, was caused to be seriously, painfully, and permanently injured about the nose, face, ribs, body, and limbs.

20.  Plaintiff was caused to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits. Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

21.  The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHERFORE this suit is brought and Plaintiff Betty Woods demands judgment against Defendant DOLGENCORP, LLC d/b/a Dollar General for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

GILMAN & BEDIGIAN, LLC

*[signature]*

Lauren M. Geisser
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
410-560-4999
*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues herein.

*[signature]*

Lauren M. Geisser