IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETTY WOODS,                               *

      Plaintiff,                        *

v.                                         *          Civil No. TJS-15-3249

DOLGENCORP, LLC D/B/A DOLLAR               *
GENERAL, *et al.*,
                                            *

      Defendants.
                          *     *     *     *     *     *

**MEMORANDUM**

This Memorandum addresses the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion") (ECF No. 38) filed by Defendant Reddy Ice Corporation ("Reddy Ice"). Having considered the submissions of the parties (ECF Nos. 38, 47 & 50), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted in part and denied in part.

## I.    INTRODUCTION

Plaintiff alleges that on November 19, 2014, she went to the Dollar General store located at 1197 Merritt Boulevard, Dundalk, Maryland 21222 ("1197 Merritt Boulevard"), and that "[w]hile walking into the [p]remises, [she] tripped on a buckled mat that was improperly placed on the ground" and suffered injury. (ECF No. 26 ¶¶ 2, 6.) In her First Amended Complaint ("complaint"), Plaintiff brings claims against Reddy Ice for negligence and premises liability. (*Id.* ¶¶ 39-53.) She alleges that on the date of her fall, Reddy Ice "owned, operated, managed, controlled, and maintained" the "premises of 1197 Merritt Boulevard."[1] (*Id.* ¶ 5.)

---

[1] In the First Amended Complaint, Plaintiff also alleges that Reddy Ice owned the escalators and the lighting and handicap ramp (ECF No. 26 ¶¶ 40, 47, 49) at 1197 Merritt

Reddy Ice raises two arguments in its Motion. First, it argues that the complaint must be dismissed under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) because it does not contain facts sufficient to state a plausible claim to relief. (ECF No. 38-2 at 4-6.) Second, Reddy Ice argues that it is entitled to summary judgment because there is no genuine dispute that Reddy Ice (1) does not own the real property located at 1197 Merritt Boulevard, (2) does not exercise management or control over the Dollar General store premises or any mats at that address; and (3) was not present at the Dollar General store on the date of the incident or in the months leading up to the incident. (*Id.* at 6.)

## II.     MOTION TO DISMISS

Reddy Ice moves for dismissal of the complaint under Rule 12(b)(6). Rule 12(b)(6) allows a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

---

Boulevard. However, the memoranda submitted in connection with the Motion do not reference any escalators, lighting, or handicap ramp. Plaintiff's reference to these facilities in her complaint appears to be an error.

Here, I am satisfied that the complaint contains sufficient factual matter to state a plausible claim for relief. In summary, the complaint asserts the following facts: Plaintiff was an invitee to the premises where she was injured by tripping over a buckled mat, Reddy Ice controlled the premises at the time of her injury, Reddy Ice failed to ensure that a mat on the premises was properly placed, Reddy Ice had notice of the crumpled mat, and Reddy Ice failed to take proper precautions or warn Plaintiff of the buckled mat. These facts are sufficient to state a plausible claim to relief because, accepted as true, they allow the Court to draw the reasonable inference that Reddy Ice is liable for the negligence and premises liability claims asserted against it. Accordingly, Reddy Ice's motion to dismiss will be denied.

## III.     MOTION FOR SUMMARY JUDGMENT

Reddy Ice argues that it is entitled to summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or

denials of its pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### A.    Reddy Ice's Evidence

In support of its motion for summary judgment, Reddy Ice has attached an affidavit signed by Lee Hatch ("Mr. Hatch"), who is employed by Reddy Ice as a risk manager. (ECF No. 38-3.) Mr. Hatch affirms that Reddy Ice makes and distributes packaged ice products. (*Id.*) According to Mr. Hatch, Reddy Ice does not own the property located at 1197 Merritt Boulevard. (*Id.*) In addition, Reddy Ice does not operate or control the Dollar General store located at that address. (*Id.*) Likewise, Reddy Ice does not "manage, control, or maintain any mats" on the Dollar General store premises. (*Id.*) Finally, Reddy Ice was not present at the Dollar General store at any time from September 2, 2014 through November 19, 2014. (*Id.*)

In addition to Mr. Hatch's affidavit, Reddy Ice has submitted a copy of its Master Supply Agreement with Dollar General. (ECF No. 50-1.) According to Reddy Ice, this agreement governed the relationship between Dollar General and Reddy Ice at the time of Plaintiff's alleged injury. (ECF No. 50 at 5.) Under the terms of the agreement, Reddy Ice was to provide ice coolers to designated Dollar General stores, including the store located at 1197 Merritt Boulevard. (ECF No. 50-1 at 2, 12-18.) Reddy Ice agreed to maintain the coolers "in good condition and working order," and to provide the necessary service and support. (*Id.*) In addition, Reddy Ice agreed to clean any spills or debris from inside the coolers and to clean up any debris left by Reddy Ice after restocking the coolers. (*Id.* at 3.) Notably, the agreement does not state

that Reddy Ice had any obligation to maintain "accessories" to its coolers. (*See* ECF No. 47 at 1-2.)

### B. Plaintiff's Evidence

In her opposition to Reddy Ice's motion for summary judgment (ECF No. 47), Plaintiff endeavors to controvert Mr. Hatch's affidavit. Plaintiff points to a discovery response from Defendant Dolgencorp ("Dollar General") that "Reddy Ice . . . was responsible for the ice cooler where the alleged occurrence happened, its contents and accessories." (*Id.* at 1.) Although Plaintiff cites to "Ex. 1 at Pg. 7," there is no such exhibit containing this discovery response attached to Plaintiff's opposition. Because discovery responses are not filed with the Court, *see* Loc. R. 104.5, Plaintiff's failure to attach a copy of the pertinent discovery response violates the requirements of Rule 56(c)(1)(A).

Plaintiff also cites to Dollar General's third party complaint,[2] which asserts that Reddy Ice "agreed to be responsible for and to maintain the ice and the ice cooler at which the alleged occurrence happened and all conditions that arose as a result of, or which relate to the presence, use, maintenance and operation of the ice and ice cooler, its contents and accessories." (ECF No. 47 at 2 (citing ECF No. 43 ¶ 7).) Reddy Ice objects to Plaintiff's use of Dollar General's third party complaint to oppose its motion for summary judgment. (ECF No. 50 at 4 n.2.) The Court will sustain Reddy Ice's objection. Rule 56(c)(3) provides that material submitted in opposition to a motion for summary judgment must be "presented in a form that would be admissible in evidence." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015), *as amended* (June 24,

---

[2] Dollar General filed its third party complaint against Reddy Ice and Dundalk Acquisitions, LLC on February 25, 2016. (ECF No. 25.) Dollar General filed an amended third party complaint on April 25, 2016, which added Merritt Manor, LLC as a third party defendant. (ECF No. 43.)

2015) (noting that courts have "great flexibility with regard to the evidence that may be used on a [summary judgment] proceeding" and that they may consider "the content or substance of otherwise inadmissible materials where the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form") (internal quotation marks omitted). The allegation in Dollar General's third party complaint is not admissible evidence.

By failing to properly support its assertions that Reddy Ice was responsible for the coolers' "accessories," Plaintiff has failed to raise a dispute as to any of Reddy Ice's factual assertions. Fed. R. Civ. P. 56(e). Accordingly, the Court will consider the facts properly asserted by Reddy Ice in its motion and reply as undisputed.

### C.      Analysis

In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006). In a claim involving premises liability, the status of the person injured on the property at the time of the incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee. *See, e.g., Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Plaintiff was an invitee on the premises. The duty of a landowner or occupier to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of

reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

In Count V, Plaintiff alleges that Reddy Ice is liable for negligence because it failed to ensure that the "floor mats [on its premises] were properly placed." (ECF No. 26 ¶¶ 40-41.) Reddy Ice opposes these allegations with evidence that Reddy Ice was not the possessor of the premises at 1197 Merritt Boulevard, and that it had no control over any mats on that premises. Accepting these facts as undisputed, Reddy Ice is entitled to judgment as a matter of law on the negligence claim. Plaintiff has failed to show that Reddy Ice breached any duty that it owed to Plaintiff. Reddy Ice's only duty relevant to this motion was to maintain its ice cooler. Reddy Ice had no duty to maintain the area surrounding its ice cooler. According to Plaintiff, she tripped on a buckled mat laying on the ground near the ice cooler, and was not injured by any defect of the ice cooler itself. Plaintiff has failed to raise a genuine dispute of material fact on this issue. Accordingly, Reddy Ice is entitled to summary judgment on Count V.

In Count VI, a nearly identical allegation to Count V, Plaintiff alleges that Reddy Ice is liable to Plaintiff on a theory of premises liability. (ECF No. 26 ¶¶ 46-53.) Specifically, Plaintiff alleges that Reddy Ice failed to maintain a safe environment on its premises and, "despite actual and/or constructive notice of the . . . dangerous condition," failed to warn Plaintiff or take precautions to prevent her injury. Plaintiff does not define the premises to which she refers in her complaint. It is not clear whether she refers to the entire parcel of real property at 1197 Merritt Boulevard, the sidewalk on which the ice cooler is located, or the mat lying on the sidewalk beside the ice cooler.

In *Baltimore Gas and Elec. Co. v. Flippo*, 348 Md. 680, 694 (1998), the Court of Appeals of Maryland reiterated that "the same principles regarding a property owner's liability to

[entrants on its property] apply to personal property as well as real property." *See also Baltimore Gas and Elec. Co. v. Lane*, 338 Md. 34, (1998) (overruled on other grounds by *Flippo*, 348 Md. at 695) (stating that the same principles of premises liability apply to personal property as to real property). In light of *Flippo*, it appears that there are three ways in which Reddy Ice could be liable to Plaintiff on the premises liability claim: (1) in connection with its possession of the premises at 1197 Merritt Boulevard, (2) in connection with its possession of the ice cooler located on that property, and (3) in connection with its possession of the mat lying on the ground beside the ice cooler on that property. There is no allegation that Plaintiff was injured on Reddy Ice's ice cooler and Plaintiff has submitted no evidence to advance such an argument. That leaves only two ways in which Reddy Ice might be liable under Plaintiff's premises liability claim: as the possessor of the premises at 1197 Merritt Boulevard or as the possessor of the mat on which Plaintiff tripped.

The undisputed evidence submitted by Reddy Ice demonstrates that Reddy Ice (1) did not possess the property on which Plaintiff was injured and (2) did not control or maintain any mats on the property. (*See* ECF No. 38-3.) Because Reddy Ice did not possess the property on which Plaintiff was injured, Plaintiff has failed to show that it breached any duty that it owed to her. Similarly, Plaintiff has failed to show that Reddy Ice had any responsibility to maintain the mat on which she was injured. Accordingly, Plaintiff cannot show that Reddy Ice breached any duty in this regard.

In addition to the undisputed evidence that Reddy Ice did not possess the property at issue, Reddy Ice has submitted evidence that it had no actual or constructive notice of the buckled mat. The undisputed evidence on this point demonstrates that Reddy Ice was not present on the date of the alleged incident and, in fact, had not been present at 1197 Merritt Boulevard in

the two months leading up to the incident. (*See* ECF No. 38-3.) There is no evidence of how long

the mat was buckled. Even assuming *arguendo* that Reddy Ice did owe a duty to Plaintiff arising

from its ice cooler on the property, Plaintiff has failed to raise a genuine dispute of material fact

that Reddy Ice had notice of the buckled mat.

Because there is no genuine dispute as to any material fact and Reddy Ice has shown that

it is entitled to judgment as a matter of law,[3] Reddy Ice's motion for summary judgment will be

granted.

**IV.      CONCLUSION**

For the reasons set forth above, Reddy Ice's Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment (ECF No. 38) is **GRANTED IN PART** and **DENIED IN**

**PART**. Reddy Ice's motion to dismiss the complaint is denied. Reddy Ice's motion for summary

judgment as to Count V (Negligence) and Count VI (Premises Liability) is granted.

<u>October 21, 2016</u>                              <u>        /s/                    </u>
Date                                                 Timothy J. Sullivan
                                                     United States Magistrate Judge

---

[3] Alternatively, even if the Court were to consider Plaintiff's unsupported and procedurally defective assertion that Reddy Ice was responsible for maintaining the "accessories" to its ice coolers (*see* ECF No. 47 at 4), this would not be sufficient to raise a genuine dispute as to any material fact. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (stating that a party opposing summary judgment has the "ultimate burden of demonstrating a genuine issue of material fact for trial," but that "[c]onclusory or speculative allegations do not suffice"). First, Plaintiff's statement is conclusory and lacks any factual support. It is not clear, for example, from where Reddy Ice's responsibility to maintain these accessories arises. Second, even if Reddy Ice was responsible for maintaining accessories to its ice coolers, the term is undefined. Without any evidence to show that the accessories include mats placed on the ground beside the ice coolers, this statement does not raise a genuine dispute of material fact.