IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BETTY WOODS** | * |
| Plaintiff, | *   CASE NO. TJS-15-3249 |
| v. | * |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL, et al.** | * |
| | * |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Betty Woods, by and through her attorneys, Lauren M. Geisser and Gilman & Bedigian, LLC, pursuant to Fed. R. Civ. Proc. 56 and Local Rule 105, hereby files this Response in Opposition to and against Defendant, Dolgencorp, LLC, Motion for Summary Judgment (the "Motion") and in support thereof, states as follows:

### INTRODUCTION

The above referenced action is premised on the tort of premises liability and negligence and involves Plaintiff suing Defendant, Dolgencorp, LLC d/b/a Dollar General ("Defendant" or "Dollar General"). Plaintiff alleges that on November 19, 2014, she was a business invitee at the Dollar Green store leased and operated by the Defendant located at 1197 Merritt Boulevard, Dundalk, Maryland 21222 (the "Store") at approximately 4:45pm. *See* Complaint at ¶2-4. As Plaintiff proceeded to leave the Store (the "Premises"), she tripped and fell due to a buckled mat just outside the exit, sustaining severe injuries as a result (the "Occurrence"). *See id.* at ¶4. Plaintiff contends that Defendant operates, maintains, and manages the Store and Premises, that Defendant owed the Plaintiff a duty to maintain the Premises in a reasonably safe condition and

1

to correct dangerous or defective conditions which they knew or by exercise of reasonable care should have known of, and Defendant negligently failed to keep the Premises in a safe condition and failed to warn Plaintiff of the hazardous condition on the Premises. *See Id.* at ¶¶ 6-21.

In its Motion, Defendant ***does not*** argue that Plaintiff has failed to produce sufficient evidence and testimony to prove her *prima facie* case of negligence but rather Defendant seeks summary judgment arguing the mat was (1) an open and obvious condition; (2) Plaintiff was contributorily negligent; and (3) Plaintiff assumed the risk of her injuries. *See* Defendant's Memorandum in Support of Motion at pp. 1-2. However, as fully set forth herein, none of these arguments are availing and Defendant's Motion should be denied.

### UNDISPUTED FACTS
*Plaintiff's Discovery Responses to Defendants*

In the Defendant's discovery requests, it asked the Plaintiff to describe the nature of the Occurrence. In response, Plaintiff stated, in part:

> Plaintiff's daughter-in-law, Carolyn, picked Plaintiff up from work and drove her to the store to purchase coffee. Plaintiff was wearing slacks, a sweater, white athletic shoes, and a winter coat. Plaintiff entered and exited the store by the front doors. Plaintiff shopped and paid for her items before taking the items in the cart to the car. When Plaintiff went to return the cart to the inside of the store, she slipped and fell on a rubber mat, sustaining serious injuries. Plaintiff was assisted by a fellow customer, and spoke with the store manager. Plaintiff sat inside of the store and waited for the arrival of the ambulance. Plaintiff does not drink alcohol and, at the time of the occurrence, had only taken her regular, prescription medications (25 mg of Atenolol, 10 mg of Paxil, and 5 mg of Oxycodone) which she takes daily without any mind-altering effects.

*See* Plaintiff's Answers to Defendant's Interrogatories, attached hereto as Exhibit A, at No. 3.

*Defendant's Video Surveillance and Photographs*

The surveillance video of the Occurrence (the "Video") commences recording at 2:43:22 PM on Wednesday, November 19, 2014. (*See* Video Screenshots, attached hereto as Exhibit B1-3). At 46:21 Plaintiff is seen making her first trip into the store. *Id.* at 1. It is undisputed a buckle

in the mat on which the Plaintiff fell existed at that time. *See Id.* There is another mat in front of the entrance doors of the store which is laid flat. *Id.* As Plaintiff exits the store after returning her car she takes a more direct path to her awaiting vehicle. *Id.* at 2 (49:31). The buckle in the mat catches Plaintiff's left foot causing her to fall. *Id.* at 3 (49:34).

*Plaintiff's Deposition*

Plaintiff in her deposition states that she saw the mat on the sidewalk. *See* Exhibit C, Deposition of Plaintiff, at P. 22-3:19-2. Plaintiff testified that when she walks she looks ahead and not down. *Id.* at P. 24:11-12. Plaintiff did not notice anything about the mat prior to her fall. *Id.* at P. 24:17-19. Contrary to the Defendant's attempted misleading statements, the Plaintiff ***never*** notices a buckle in the mat before she falls.

*Defendant Employee, Lanay Young, Deposition*

Ms. Lanay Young, who was the store manager at the time of the Occurrence, testified that the mat on which Plaintiff fell was placed in July or August of 2014 just four to five months prior to the fall. *See* Exhibit D, Deposition of Lanay Young, at P. 20:16-17. The purpose of placing that mat in its location was because the ice machine directly behind it was leaking water and Ms. Young did not want anyone to slip if the water turned to ice. *Id.* at P. 20-1:19-9. The mat was placed by Ms. Young while she was working for the Defendant. *Id.* at P. 22:1-4. The mat remained in the same location without being replaced since Ms. Young initially placed it. *Id.* at P. 22:17-20. If the mat became buckled, Ms. Young stated that she, a customer, or employee would go fix it. *Id.* at P. 23:10-14. The mat would be straightened out because it was a tripping hazard. *Id.* at P. 54:4-7. According to Ms. Young, the mat had buckled and/or bent due to wind on other occasions, and a Dollar General employee would go out and fix the mat. *Id.* at P. 23-4:16-13. Ms. Young herself has observed her employees fixing the mat on previous occasions.

*Id.* at P. 24:7-11. After Plaintiff fell, Ms. Young went outside to help her up. *Id.* at P. 31:6-8. After helping Plaintiff up, Ms. Young testified that Plaintiff was able to walk on her own without difficulty. *Id.* at P. 35-6:18-1.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has ruled that when these elements are met, the granting of summary judgment is mandatory. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, (1986).

Discussing when summary judgment is appropriate, the Fourth Circuit explained, "summary judgment should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Miller v. FDIC*, 906 F.2d 972, 973-74 (4th Cir. 1990). Not just any factual dispute, even if genuine, will defeat a motion for summary judgment; a motion for summary judgment is properly granted so long as there are no "material" disputes of fact. As Justice White explained that, "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510 (1986) (emphasis in original). A factual dispute is material only when the resolution of that dispute might affect the outcome of the case. *Id.* "[I]rrelevant or unnecessary" factual disputes are insufficient to permit a question to go to the jury. *Id.*

Where no dispute of material facts exists, summary judgment should be granted if the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's

inquiry is whether "legal theory or doctrine supports the movant's position that judgment should be entered." *Wright & Miller, supra*, § 2725 at 439. Of course, the court is not confined solely to the legal theories and doctrines advanced by the moving party. *Id.*

In determining whether the moving party is entitled to summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1386 (1986).

## ARGUMENT

I.  The Condition of the Mat at the Premises Was a Dangerous Condition that was Neither Open nor Obvious such that Defendant's Motion must be denied.

"To succeed in a negligence action, the plaintiff must [allege and] establish the following: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. Target, Inc.*, 112 Md.App. 679, 683 (1996) (quoting *BG & E v. Lane*, 338 Md. 34, 43 (1995)) (internal quotation marks omitted). In a premises liability action, it is well established that an owner or occupier of premises has a duty to provide reasonable precautions against foreseeable dangers, although the owner is not an insurer of the premises. *Leimbach v. Bickford's*, 214 Md. 434, 440 (1957); *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232, (1965); *Lexington Market Authority v. Zappala*, 233 Md. 444, 446, (1964).

"The highest duty is that owed to an invitee[1]; it is the duty to "use reasonable and ordinary care to keep [the] premises safe for the invitee and to protect [the invitee] from injury caused by an

---

[1] "[F]our classifications have been recognized [in Maryland]: invitee, licensee by invitation, bare licensee, and trespasser. *Id.* An invitee is a person 'on the property for a purpose related to the possessor's business.' *Id.* The possessor owes an invitee a duty of ordinary care to keep the possessor's property safe. *Id.*" *Baltimore Gas & Elec. Co. v. Flippo*, 348 Md. 680, 688-89, (1998).

5

unreasonable risk which the invitee, by exercising ordinary care for [the invitee's] own safety will not discover." *Rowley v. Mayor*, 305 Md. 456, 465 (1986). Thus, the invitee who is complaining of injury sustained on the landowners' property must establish that, among other things, the landowner breached a duty that it owned to the invitee. *See e.g. Tennant v. Shoppers Food Warehouse*, 115 Md. App. 381 (1997); *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573 (1989). "The duties of a[n]… invitor thus includes the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers" and must keep the property in "reasonably safe condition." *See Tennant,* 115 Md.App. at 388; *see also, Landay v. Cohn.* 220 Md. 24, 27 (1959). However, if a dangerous condition is open and obvious, then the landowner has no obligation to warn the invitee, as the invitee has a duty to exercise due care for his her own safety. *See Tennant,* 115 Md.App. at 389. The question of whether a dangerous condition is an open and obvious condition excusing the duty to warn of same is a question of *material fact*, the determination of which will alter the outcome of the case. *See Smith v. Rite Aid of Maryland, Inc.,* 2016 WL 2945731, 3 (Md. Ct. Spec. App. May 19, 2016).

With respect to sidewalks, although a property owner or landlord does not have an obligation regarding "every slight unevenness in the sidewalks" under its control, where "a particular defect is shown to have been in fact an impediment to the reasonably safe use of the street and to have existed so long as to warrant an imputation of notice," the property owner or landowner may be found to be liable. *See Commissioners of Baltimore County v. Collins,* 158 Md. 335, 1 (1930). For instance, a 14 inch wide unpaved area near a service island of a gas station was found to be open and obvious to the complainant, whereas a tote box on the <u>ground beneath a</u>

complainant's line of vision cannot be said unequivocally to have been open and obvious. *See Robertson v. Shell Oil Co.,* 34 Md.App. 399, 401 (1977) and *Smith,* 2016 WL at 4.

Although the Defendant expounds in its Motion upon the various relevant case law, their brief factual application of the law to the case *sub judice* fails because, to wit, the Defendant argues that a mat placed in front of the Store specifically to prevent falls is somehow an open and obvious condition and should have been avoided. They confuse a buckle in the mat, with the mat itself, in their argument. The buckle and not the mat is the defect.

In *Ramseur v. U.S.,* 587 F.Supp.2d 672 (D. Md., 2007), at 674-75, which Defendant primarily relies on, an outdoor mat with perforated holes was placed inside a conference room. There the plaintiff was wearing heels which got caught in one of the mats perforated holes causing her to fall. The mat itself presented a unique hazard to plaintiff due to her heels. The Court in *Ramseur* also noted that in plaintiff's deposition she testified that the mat was large and prominent in the conference room. *Id.* at 684. There was no buckle in the mat that caused a defect, the mat itself was alleged to be the defect. There, the Court held that the plaintiff was barred from recovery because the mat was open and obvious: not only was the size of the mat considered; but the plaintiff acknowledged its existence. Here, this case cannot be considered similar as the mat itself was not the defect such that the existence of the mat created the condition but rather a buckle in the mat caused a condition of a tripping hazard. Unlike the mat in *Ramseur*, where the mat purposely had holes covering the ***entire mat*** and was designed that way which the plaintiff was aware of, here there was one isolated buckle that was not supposed to be there and the Plaintiff did not see the buckle before her fall.

Under the facts *sub judice*, the sole purpose of the mat placed outside Dollar General was to be walked on in lieu of an icy sidewalk. *See* Exhibit D at P. 20-1:19-9. The mat was placed to

7

prevent falls. *Id.* There was nothing about the mat itself, as was the case in *Ramseur*, that presented an open or obvious danger to Plaintiff. As shown in the surveillance video, it was a buckle in the mat that caused Plaintiff's fall. While the buckle was visible, it was hardly open and obvious to a reasonable person passing by as evidenced by Plaintiff's first two trips past the mat before her fall. Plaintiff does not deny seeing the mat, however, when walking into a store a reasonable person would not presume a mat is something to be avoided or hazardous, instead it would be the exact opposite. It was the buckle in the mat – which posed the danger – that was not easily discernable to the naked eye. As such Defendant's argument that the sidewalk contrasted with the mat and was easily seen by the naked eye has nothing to do with this case because the mat was not the hazard, the buckle was. The duty is not on the invitee to inspect for any buckles or other hazards but rather it is Defendant's duty to ensure the mat was laid properly as it had in the past as employees fixed it on prior occasions. *See* Exhibit D, at P. 23:10-14, P. 54:4-7.

Further, the Defendant argues that Plaintiff needed to look down as she walked so she could have noticed the hazard. Plaintiff of course looked ahead to see where she was walking as shown in the video which is how a reasonable person walks. The mat is meant to be walked on and not something a reasonable person would look down to avoid. *See* Exhibit B1. Defendant cites to *Hynes v. Huztler Bros. Co.*, 276 A.2d 99, (Md. 1971) for its position that Plaintiff should have used her senses to perceive and avoid the mat, yet that case only puts the responsibility on Plaintiff to take adequate precautions to perceive and avoid <u>open and obvious conditions</u>. As discussed above, the buckle in the mat was hardly open and obvious such that Plaintiff should have taken such precautions. The Defendant is making an illogical leap to the *Hynes* case by again trying to argue a buckle in a mat is an open and obvious condition which it clearly is not

and, at a minimum is a dispute of a material fact. Defendant also compares this case to another where a plaintiff tripped over a shopping cart. *See Bishop v. Lowe's Home Ctrs., Inc.*, 32 Fed. Appx. 687 at 689 (4th Cir. 2002). In *Bishops*, the plaintiff tripped over a shopping cart between two riding lawn movers in a home improvement store. The difference between a mat and a shopping cart should be self-evident – one is meant to be walked on and the other is not. Further, one is in one's line of vision whereas the other is on the ground. Equating a plaintiff who walked into a shopping cart in *Bishop*, which is clearly an open and obvious danger in and of itself, to Plaintiff who fell walking over a buckle in a mat, which is not an open and obvious condition, is misplaced.

Given the witness' testimony, the video surveillance, and the facts alleged by the Plaintiff, construed in the light most favorable to her, there is clearly a genuine dispute of material fact as to whether or not the condition of mat posed an open and obvious danger to Plaintiff. Accordingly, Defendant's Motion for Summary Judgment should be denied.

    II.       <u>There is No Evidence that Plaintiff was Contributorily Negligent.</u>

"Contributory negligence is the failure to take ordinary care for one's own safety." *Kasten Constr. Co. v. Evans*, 260 Md. 536, 541 (1971). "It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Potts v. Armour Co.*, 183 Md. 483, 490 (1944); *see also Menish v. Polinger Co.*, 277 Md. 553, 559 (1976). If a plaintiff was contributory negligent, it will bar their recovery. *Casper v. Charles F. Smith & Son, Inc.*, 71 Md. App. 445, 472 (1987). But it is the defendant who carries the burden of proving that the plaintiff was contributorily negligent. *Moodie v. Santoni*, 292 Md. 582, 586 (1982).

"Ordinarily, the question of whether the Plaintiff has been contributorily negligent is for the jury, not the judge, to decide." *Campbell v. Baltimore Gas & Elec., Co.*, 95 Md. App. 86, 93 (1993). "The question of contributory negligence must be considered in the light of all the inferences favorable to plaintiff's case that may be fairly deduced from the evidence. Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or more than one inference may be reasonably drawn therefrom, the question should be submitted to the jury." *Baltimore Transit Co. v. Castranda*, 194 Md. 421, 434 (1950).

To find a plaintiff was contributory negligent as a matter of law, such "that a case may be withdrawn from the jury on the ground of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Menish v. Polinger Co.*, 277 Md. 553, 563 (1976) (quoting *Baltimore Transit Co. v. Castranda*, 194 Md. 421, 434 (1950)). "The prominent and decisive act or omission must reveal that the injured party was or should have been aware of a dangerous situation and failed to exercise ordinary care to protect himself." *G.C. Murphy Co. v. Greer*, 75 Md. App. 399, 402 (1988) (emphasis added).

Defendant argues that Plaintiff is contributorily negligent because she did not follow her own fall risk prevention method of using a shopping cart for support; and she has a history of falls.

Defendant's failing argument that Plaintiff was contributorily negligent is elucidated by the fact that it is no different from the open and obvious condition argument. Defendant states that "any person, based upon common experience, knows that there could be conditions to navigate in front of them." *See* Defendant's Motion Sec. B, Paragraph 2. A mat in front of a store

to prevent falls is not the kind of condition Plaintiff should have reasonably expected to navigate, as its purpose is to be walked on, and to prevent falls.

Defendant then contends that because Plaintiff did not use a shopping cart for support "she knew that she would be likely to fall…" *Id.* Plaintiff did not fall for lack of support; she fell because of the buckle in the mat. Whether or not her injuries would have been avoided had she had a cart is at a minimum a dispute of material fact that cannot permit disposal of this action at this juncture as it is not such a prominent and decisive act that it should be taken from a jury. Further, while Plaintiff admits she was in a hurry to get back home at the time she fell, the video is clearly shows she was not walking any faster than she had in her previous trips and again there is no definitive action that indicates even if she was hurrying that was the reason for her fall.

Furthermore, the Defendant attempts to mislead the Court by stating Plaintiff was not paying attention to where she walked as a basis for having its motion granted. What Plaintiff actually stated was that she was looking ahead as she walked, not that she was not paying attention. *See* Exhibit C, P. 24:11-12. As discussed *infra* the sidewalk and mat themselves pose no open and obvious condition and therefore the evidence suggests that Plaintiff was not aware of any buckle in the mat prior to the Occurrence because it was not discernable to a reasonable person from the mat itself. The contrast of the bump would have been minimal. Nothing that Plaintiff did or did not do can be considered such a prominent and decisive act to take this case out of the hands of a jury.

All of the cases in which Defendant cites to where a plaintiff failed to look down are all factually distinct from the case at hand. In *Sugar v. Traub*, 196 A.2d 869, 870 (Md. 1964), the plaintiff failed to look down in a utility room which the Court found decisive because the plaintiff admitted that had she looked down as she walked into the utility room she would have

11

seen the water. That case is hardly comparable because Plaintiff was looking ahead while entering and exiting a public store not a utility room. Here, the entrance to the store is meant for ingress and egress and is generally free of any obstacles or hazards whereas a utility room filled with potential hazards and there is no evidence to indicate had she looked down the buckle would have been discernable like the water in *Sugar*. Further, neither party disputes Plaintiff was familiar with the Store yet Defendant puzzlingly cites to *Sutton v. Baltimore*, 136 A.2d 383 (1957), for its position that walking blindly in a **strange environment** is negligent, when here there was no strange environment for Plaintiff nor is there any evidence Plaintiff was walking blindly. *See* Defendant's Motion, Undisputed Fact Section, Paragraph 3. (Emphasis added).

Lastly, Defendant tries to argue Plaintiff's prescription medications, vision surgeries, past medical history, and prior falls should have made her very vigilant. This is nothing more than a red herring by the Defendant. Any and all evidence of Plaintiff's medications, vision surgeries, and prior falls are not only irrelevant to her falling on the buckled mat but are more importantly inadmissible under Fed. R. Evd. 404(a)(1). The Defendant discussed Plaintiff's background at length in its undisputed facts section yet there was hardly any argument, as those facts cannot absolve Defendant of its own negligence.

The question of the Plaintiff's alleged contributory negligence, when considered in the light of all the inferences favorable to her case that may be fairly deduced from the evidence, does not suggest it be answered affirmatively. At a minimum, given the conflict of evidence as to material facts Defendants rely upon to establish contributory negligence, and the multiple inferences that may be reasonably drawn therefrom, the question should be submitted to the jury. *See Baltimore Transit Co. v. Castranda*, 194 Md. 421, 434 (1950).

    III.    <u>There is No Evidence that Plaintiff Assumed the Risk of her Injuries.</u>

In Maryland, it is well settled that in order to establish the defense of assumption of risk, the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger. *Poole v. Coakley Williams*, 423 Md. 91, 110-111 (2012)(citations omitted). In order for the plaintiff to have knowledge of a risk, the *particular* plaintiff must have *actual knowledge* of the risk before she can be found to have assumed it. *Id.* at 114. Because the focus is on what the plaintiff actually knew, understood and appreciated, the issue is ordinarily left to the jury to resolve. *Id.* at 115.

Thus, in order for a plaintiff to have assumed the risk of his or her injuries as a matter of law, we require that a plaintiff "must" have known that the risk was "actually present," not that he or she "would," "should," or "could" have known that the risk "might well be present." *Id.* at 123. In *Poole*, the Court of Appeals held that *Allen v. Marriott Worldwide Corp.*, 183 Md.App. 460 (2008), cert. denied, *Allen v. Marriott*, 408 Md. 149 (2009), incorrectly suggested that a compilation of facts and inferences, amounting to less than **actual knowledge**, would ever be sufficient to impute knowledge to a plaintiff as a matter of law, and therefore overruled *Allen*. *Id.* at 121-122.

Here, the evidence suggests that Plaintiff was not aware of buckle in the mat until it caught her and she fell. There is nothing to indicate that Plaintiff had knowledge of the dangers of a buckle in the mat on the Premises. Without said knowledge, Plaintiff was not in a position to appreciate the risks and dangers posed by buckle in the mat and therefore did not confront that risk voluntarily. *See Poole*, 423 Md., at 110-111.

Nonetheless the Defendant argues that Plaintiff assumed the risk of Defendant's own negligence by: failing to use a shopping cart for support, and hurrying into the mat without looking down. *See* Defendant's Motion at P. 15. There is, simply, no legal foundation to support

13

the claim that someone who falls, assumes the risk because she was not using a cart for support or by hurrying without looking down. You cannot assume the risk of a buckle in the mat by either of the Defendant's two arguments. In Maryland the only way assumption of risk can cause a case to be disposed of without a trial, is when there is actual knowledge of a risk. This is why Defendant fails to cite to a single case for its position.

In attempting to establish Plaintiff assumed the risk, the Defendant relies on *Burke v. Williams*, 244 Md. 154 (Md. 1966). In *Burke*, the plaintiff walked through a house that was being constructed which the Court found was an inherent risk due to the ongoing construction. *Id.* at 158. In *Burke*, the plaintiff was injured on slippery boards which are not uncommon in an unfinished home. *Id.* at 157. The Court found plaintiff assumed the risk because he was aware of a previously created risk and voluntarily as he was a workman and when confronted with a slippery walkway he nevertheless chose to use it. *Id.* Here, Plaintiff fell as a result of a negligent condition in the mat. To argue that there was an assumed risk while traversing a mat designed for customers to walk on while navigating a sidewalk in a non-construction zone is gross misapplication of the law.

Additionally, Defendant cites to additional cases to illustrate to this Court that a mat in front of a store does not constitute a hazard of any consequence presumably in an attempt to argue only Plaintiff could have caused her injury. *See* Defendant Motion at Section C, Paragraph 13. Plaintiff agrees that a mat itself is not ordinarily an open obvious hazard which entirely nullifies Defendant's main argument that the mat was an open and obvious condition. As stated *infra*, the buckle in the mat is what caused Plaintiff to fall and was the hazard Defendant needed to make reasonably safe.

In *Ross v. Belzer*, 85 A.2d 799, 802 (Md. 1952), the plaintiff allowed part of her foot to get under the matting causing her to trip. The Court held there that mat that hooked plaintiff's foot was curled up *after* the accident, and there was no evidence that the mat was curled up *before* the accident. *Id.* at 802. While Defendant cites to this case, the facts *sub judice* are entirely distinguishable as it is the opposite scenario to *Ross*. Here, as discussed numerous times above Plaintiff tripped on the protruding buckle in the mat that existed *prior* to her fall. Plaintiff did not self-create the hazard. *See* Exhibit B3.

Defendant's argument that this particular Plaintiff had knowledge of the danger, appreciated the risk, and voluntarily confronted said risk fails as a matter of law.

IV.     Responsibility.

The Defendant mentions in passing that "the occurrence did not occur on the Premises, which, in this case, is the inside of the store," and that the Landlord is responsible. *See* Defendant's Motion Section C, Paragraph 11. Defendant's employee Ms. Young admitted she placed the mat in front of store on the Premises, and controlled the mat as an employee of the Defendant, and therefore the mat is solely the Defendant's responsibility. *See* Exhibit D, at P. 20:16-17; 22:1-4.

## CONCLUSION

For the foregoing reasons, in the light most favorable to the non-movant, Plaintiff, there are genuine disputes of material facts as to whether or not the mat constituted an open and obvious danger, whether the Plaintiff was contributorily negligent, and whether she assumed the risk of her injuries.

WHEREFORE, Plaintiff, Betty Wood, respectfully requests that Defendant, Dolgencorp LLC's Motion for Summary Judgment be denied and grant such further relief as justice requires. A proposed Order is attached hereto.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Lauren M. Geisser
                                                  GILMAN & BEDIGIAN, L.L.C.
                                                  1954 Greenspring Drive, Suite 250
                                                  Timonium, Maryland 21093
                                                  (410) 560-4999
                                                  *Attorney for Plaintiff*