UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

October 18, 2017

LETTER TO COUNSEL

    Re:    *Betty Woods v. Dolgencorp, LLC, et al.*
            Civil Case No. TJS-15-3249

Now pending before the Court is the Motion for Summary Judgment (ECF No. 88) filed by Third Party Defendant Merritt Manor, LLC ("Merritt Manor"). Having reviewed the submissions of the parties (ECF No. 88, 93 & 99), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

Plaintiff Betty Woods ("Woods") alleges that on November 19, 2014, she went to the Dollar General store located in Dundalk, Maryland, and that "[w]hile walking into the [p]remises, [she] tripped on a buckled mat that was improperly placed on the ground" and suffered injury. (ECF No. 26 ¶¶ 2, 6.) Woods sued Dolgencorp, LLC (doing business as Dollar General) and Reddy Ice Corporation, alleging that the negligence of those entities was the cause of her injuries.[1] Dollar General filed a Third Party Complaint, which was later superseded by an Amended Third Party Complaint (ECF No. 43), adding Merritt Manor as a third party defendant.[2] Merritt Manor moves for summary judgment as to all of Dollar General's claims.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

[1] The Court entered summary judgment in favor of Reddy Ice on Woods' claims on October 21, 2016. (ECF Nos. 68 & 69.)

[2] Dollar General's Amended Third Party Complaint also added Reddy Ice Corporation as a third party defendant. The Court granted Reddy Ice's motion to dismiss on November 28, 2016. (ECF No. 73.)

Dollar General alleges in its Amended Third Party Complaint that Woods' injuries were caused by Merritt Manor's negligence, "with no negligence on the part of Defendant Dollar General contributing thereto." (ECF No. 43 ¶ 4.) In addition to its "common law duties"—which are not specified in the Amended Third Party Complaint—Dollar General contends that Merritt Manor "owned and agreed to be responsible for and to maintain the sidewalk where the alleged occurrence happened." (*Id.* ¶ 6.) Moreover, Dollar General claims that Merritt Manor was "contractually and non-contractually responsible" for injuries occurring "with respect to the sidewalk" where Woods was injured. (*Id.* ¶ 8.) Furthermore, Dollar General asserts that Merritt Manor is "obligated to indemnify, hold harmless and defend Dollar General" with respect to Woods' claims against Dollar General. (*Id.* ¶ 9.) Alternatively, Dollar General asserts a contribution claim against Merritt Manor with respect to Woods' claims against Dollar General. (*Id.* ¶ 11.)

Because Dollar General's Amended Third Party Complaint does not specify whether it is asserting an implied indemnification or a contractual indemnification claim, the Court will assume Dollar General has raised both claims. To the extent that Dollar General has raised an implied indemnification claim against Merritt Manor, Merritt Manor is entitled to summary judgment. Quasi-contractual remedies "such as implied indemnification are generally unavailable when a contract exists covering the same subject matter." *Nat'l Labor Coll., Inc. v. Hillier Grp. Architecture New Jersey, Inc.*, 739 F. Supp. 2d 821, 831 (D. Md. 2010) (citing *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96-98 & n.8 (2000) and *Franklin v. Morrison*, 350 Md. 144, 154 (1998)); *see also Renick v. Sperau*, No. CCB-12-1627, 2013 WL 1314417, at *5 (D. Md. Mar. 29, 2013) ("The Speraus seek indemnity on a tort-based theory of implied indemnification as they allege no express or implied contractual indemnification."). A lease agreement that Dollar General entered into with Dundalk Acquisition, LLC in 2012, which was subsequently assigned to and assumed by Merritt Manor, governs the scope of Merritt Manor's duty to indemnify Dollar General. (*See* ECF Nos. 88-2 & 88-3.) Any claim for implied indemnification would necessarily be "incongruent with the express provisions" of the lease agreement. *Nat'l Labor Coll.*, 739 F. Supp. 2d at 831. Because it is not disputed that the lease agreement governs Merritt Manor's duties to indemnify Dollar General, Merritt Manor is entitled to summary judgment on Dollar General's implied indemnification claim.

Merritt Manor is also entitled to summary judgment on Dollar General's contractual indemnification claim. The lease agreement between Merritt Manor and Dollar General provides, in pertinent part:

> Landlord [Merritt Manor] and Tenant [Dollar General] agree to indemnify and hold the other party harmless from any and all claims, causes of action or judgments which may arise from any act, neglect or omission on, in or about the Shopping Center and Common Areas (with respect to Landlord) and the Premises (with respect to Tenant) unless and to the extent that such claims, causes of action or judgments arise out of or are caused in whole or in part by the negligence or willful misconduct of the other party or its employees, contractors or agents.

(ECF No. 88-2 at 15.)

At bottom, the lease agreement requires Merritt Manor to indemnify Dollar General for claims that arise out of Merritt Manor's "negligence or willful misconduct." (*Id.*) There is no allegation, and Dollar General has submitted no evidence, that Merritt Manor or any of its employees, contractors or agents engaged in willful misconduct that resulted in Woods' injuries. Determining whether Merritt Manor may be required to indemnify Dollar General, therefore, turns on whether Woods' claims arise from Merritt Manor's negligence.

According to the evidence presented in Merritt Manor's Motion, which Dollar General has not disputed in its Response (ECF No. 93), the mat that caused Woods to trip and fall was placed in front of the Reddy Ice cooler at the entrance of the Dollar General store in the summer of 2014. (ECF No. 88-6 at 7-8.) The mat was purchased by Dollar General and was placed in front of the cooler by a Dollar General employee. (*Id.*) Occasionally, the mat would become buckled and a Dollar General employee would straighten it. (*Id.*)

By its lease agreement, Merritt Manor agreed to maintain the sidewalk outside the Dollar General store, and to keep it in "clean condition and good repair" by "repairing and "re-paving" it and "removing any ice, snow or rubbish therefrom." (ECF No. 88-2 at 12.) Notably, Merritt Manor did not agree to maintain any of Dollar General's property placed on the sidewalk. Merritt Manor has produced evidence that it abided by its terms of the lease agreement with respect to maintaining the sidewalk (*see* ECF No. 88-7), and there is no allegation that a structural defect of the sidewalk (or the presence of "ice, snow or rubbish") was the cause of Woods' injuries.

In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006). In a claim involving premises liability, the status of the person injured on the property at the time of the incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee. *See, e.g., Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Woods was an invitee on the premises. The duty of a landowner or occupier to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

Dollar General has not submitted any evidence that Merritt Manor breached any duty that it owed to Woods. First, there is no evidence that Merritt Manor knew that the mat was buckled,

3

or that it had a tendency to buckle and become a hazard to pedestrians. Second, there is no evidence that the sidewalk itself caused Woods to trip, or that Merritt Manor's failure to maintain the sidewalk caused the mat to buckle. On the contrary, the evidence presented by Merritt Manor shows that Dollar General owned the mat that tripped Woods, and that it knew the mat occasionally became buckled. There is no evidence to support Dollar General's argument that Merritt Manor's negligence gave rise to Woods' claim. Accordingly, Merritt Manor has no obligation to indemnify Dollar General under the terms of the lease agreement. Merritt Manor is entitled to judgment as a matter of law on Dollar General's contractual indemnification claim.

Merritt Manor is also entitled to summary judgment on Dollar General's contribution claim. Maryland's Uniform Contribution Among Joint Tort-Feasors Act ("UCATA"), Md. Cts. & Jud. Proc. § 3-1401 *et seq.*, provides a right to contribution among joint tortfeasors. *See Wassel v. Eglowsky*, 399 F. Supp. 1330 (D. Md. 1975). To prevail under the UCATA, a plaintiff joint tortfeasor must show that there is common liability to an injured person in tort and that the plaintiff joint tortfeasor has by payment discharged the common liability or has paid more than his share. *See Richards v. Freeman*, 179 F. Supp. 2d 556 (D. Md. 2002). However, "where an original plaintiff has no right of action against a third party, there can be no contribution entitling the defendant to join a third party under the [UCATA]." Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland*, § 15.5 (5th ed. 2013).

Woods has not brought any claims against Merritt Manor. And as discussed above, there is no evidence that Merritt Manor breached any duty it owed to Woods, or that Merritt Manor's negligence was causally related to Woods' injuries. Because Woods "has no right of action against [Merritt Manor]," Dollar General is not entitled to contribution from Merritt Manor under the UCATA. *See id.*; *see also Sherwin-Williams Co. v. ARTRA Grp., Inc.*, 125 F. Supp. 2d 739, 754 (D. Md. 2001). Merritt Manor is therefore entitled to judgment as a matter of law on Dollar General's contribution claim.

For the reasons set forth above, Merritt Manor's Motion for Summary Judgment (ECF No 88) is **GRANTED**.[3] My chambers will contact counsel to schedule a conference call to set a trial date and deadlines for pretrial submissions.

---

[3] Because Merritt Manor's Motion for Summary Judgment has been granted, Dollar General's Motion to Compel (ECF No. 104-1) will be **DENIED AS MOOT**. Dollar General argues in passing that "a discovery dispute [exists] and [Merritt Manor's Motion for Summary Judgment] should not be ruled upon until that discovery dispute is resolved." (ECF No. 93 at 1.) To the extent that Dollar General intended to invoke Rule 56(d), its argument is insufficient. Rule 56(d) allows a Court to defer considering a motion for summary judgment until the nonmovant is able to obtain "essential facts to justify its opposition." In order to invoke the rule, however, the nonmovant must "show[] by affidavit or declaration that, for specified reasons, it cannot present" such essential facts. *Id.* Dollar General has not submitted any affidavit or declaration to this effect. Alternatively, the Motion to Compel is denied on its merits for the reasons stated in Merritt Manor's opposition (ECF No. 105).

Despite the informal nature of this letter, it is an Order of Court and shall be docketed accordingly.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge