UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

October 18, 2017

LETTER TO COUNSEL

Re:  *Betty Woods v. Dolgencorp, LLC, et al.*
     Civil Case No. TJS-15-3249

Now pending before the Court is the Motion for Summary Judgment (ECF No. 94) filed by Defendant Dolgencorp, LLC ("Dollar General"). Having reviewed the submissions of the parties (ECF No. 94, 107 & 109), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be denied.

Plaintiff Betty Woods ("Woods") alleges that on November 19, 2014, she went to the Dollar General store located in Dundalk, Maryland, and that "[w]hile walking into the [p]remises, [she] tripped on a buckled mat that was improperly placed on the ground" and suffered injury. (ECF No. 26 ¶¶ 2, 6.) In her First Amended Complaint ("complaint"), Woods raises two claims against Dollar General: Negligence (Count I) and Premises Liability (Count II).

Dollar General moves for summary judgment on three grounds. First, it argues that the buckled mat on which Woods tripped was an open and obvious condition. Second, it argues that Woods was contributorily negligent. Third, it argues that Woods assumed the risk of injury. I will address each of these arguments in turn.

**I.     Discussion**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

A.  **Open and Obvious Condition**

Dollar General argues that it is entitled to summary judgment because the buckled mat upon which Woods was injured was an open and obvious condition. (ECF No. 94-1 at 10-12.) In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006). In a claim involving premises liability, the status of the person injured on the property at the time of the incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee. *See, e.g., Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Woods was an invitee on the premises. The duty of a landowner or occupier to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

While a landowner owes a duty to warn of hidden dangers, an "invitee has a duty to exercise due care for his or her own safety." *Tennant v. Shoppers Food Warehouse Md. Corp*, 115 Md. App. 381, 389 (1997); *see also Coleman v. United States*, 369 F. App'x 459, 462 (4th Cir. 2010) ("[I]t is well established under Maryland Law that an invitee who is harmed by an open and obvious condition is ordinarily not entitled to any recovery for his injuries.") "An open and obvious condition is where the condition and risk are apparent to and would be recognized by a reasonable person in the position of a visitor, exercising ordinary perception, intelligence, and judgment." *Coleman*, 369 F. App'x at 462 (internal quotation marks omitted). Determining whether a condition constitutes an open and obvious danger is a fact-specific inquiry that usually should be left for the jury. *See Feldman v. NVR, Inc.*, No. GJH-14-0672, 2014 WL 6066022, at *4 (D. Md. Nov. 12, 2014) (citing *C & M Builders, LLC v. Strub*, 420 Md. 268, 287 (2011)); *Diffendal v. Kash & Karry Serv. Corp.*, 74 Md. App. 170, 175 (1988).

Dollar General contends that the mat was an open and obvious condition. It notes that it "was large enough and it contrasted the color of the sidewalk, such that it was easily seen by the naked eye." (ECF No. 94-1 at 11.) Woods argues that Dollar General's argument misses the point. She notes that the mat itself was not an open and obvious condition because pedestrians walk upon mats every day without incident. (ECF No. 107 at 8.) Woods argues that the dangerous condition at issue was a buckling of the mat. This buckling, according to Woods, was "not easily discernable to the naked eye." (*Id.*)

A jury could reasonably find that the buckle in the mat was not so apparent that a reasonable person in Woods' place would have noticed it. The photographs attached to the parties' submissions show a mat that is uneven on one side. (*See* ECF Nos. 94-4 & 107-4.) As Dollar General argues, the mat itself is obvious and a reasonable person in Woods' place would have noticed the mat. What is not obvious, however, is the wrinkle or buckle on one corner of the mat. The facts of this case are unlike those in *Ramseur v. United States*, 587 F. Supp. 2d 672 (D. Md. 2007), where a plaintiff's high heel shoes were caught in one of the holes of a perforated doormat. As Woods points out, in this case the danger was not the mat itself, but a barely visible defect in the placement of the mat. (ECF No. 107 at 8.)

In addition, a reasonable jury might agree with Woods' argument that "a reasonable person would not presume a mat is something to be avoided or hazardous." (*Id.*) Although several courts in Maryland have held that "small cracks, holes and uneven spots often develop" on sidewalks, *see, e.g., Sampson v. United States*, No. DKC-15-0243, 2017 WL 3022971, at *5-6 (D. Md. July 17, 2017); *Schaefer v. United States*, No. PX-15-2690, 2017 WL 250617, at *3-4 (D. Md. June 9, 2017); *Gellerman v. Shawan Road Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998), there is no such consensus regarding mats placed on sidewalks or near store entranceways. *See, e.g., Payne v. Wal-Mart Stores, Inc.*, No. SAG-10-2241, 2011 WL 6738501, at *2-3 (D. Md. Dec. 21, 2011) ("Maryland courts typically deny summary judgment motions in cases in which a store patron fell as a result of an obstacle known to or created by store employees."); *Williams-Stewart v. Shoppers Food Warehouse Corp.*, No. JKS-13-2518, 2014 WL 4406895, at *4 (D. Md. Sept. 5, 2014); *Fortini v. Advance Stores Co.*, No. PWG-12-309, 2012 WL 6563235, at *2-3 (D. Md. Dec. 13, 2012). Dollar General is not entitled to summary judgment on the basis of its argument that the buckled mat was an open and obvious condition.

### B. Contributory Negligence

Dollar General argues that Woods' contributory negligence was the cause of her injuries. In Maryland, contributory negligence is a complete bar to recovery. *Hooper v. Mougin*, 263 Md. 630, 633 (1971). "Contributory negligence is the neglect of the duty imposed upon all men to observe ordinary care for their own safety." *Campfield v. Crowther*, 252 Md. 88, 93 (1969). Ordinarily, the question of whether a given plaintiff was contributorily negligent is a question reserved for the jury. *See, e.g., Leakas v. Columbia Country Club*, 831 F. Supp. 1231, 135-36 (D. Md. 1993); *Campfield*, 252 Md. at 93-94. In "very narrow circumstances," a court may decide the issue of contributory negligence as a matter of law. *Dell v. DeTar*, No. JFM-16-887, 2017 WL 3835679, at *6 (D. Md. Aug. 31, 2017) (citing *Catler v. Arent Fox, LLP*, 212 Md. App. 685, 727 (2013)). The burden to prove contributory negligence rests on the defendant. *Faith v. Keefer*, 127 Md. App. 706, 746 (1999).

> Contributory negligence as a matter of law requires a finding that the negligent act of the plaintiff . . . relied upon must be prominent, decisive and one about which ordinary minds would not differ in declaring it to be negligence. The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under similar circumstances; and even if the act done turns out to be an error of judgment, this alone does not make the act negligent if an ordinarily prudent person may have made the same error.

3

*Id.* at 746-47 (internal citations omitted).

Dollar General has not met its burden to prove contributory negligence as a matter of law. It argues that Woods "did not exercise reasonable care when walking into the mat," but this is not an act "about which ordinary minds would not differ in declaring it to be negligence." *Id.* As Woods suggests in her response, a jury could reasonably find that walking on a floor mat placed in front of a store, whose purpose is to be walked on and to prevent falls, does not amount to negligence. And to the extent that Woods should have been paying closer attention to where she was stepping, this issue depends on the resolution of a factual dispute, which is the function of a jury. Because Dollar General has not established that Woods was contributorily negligent as a matter of law, this defense is no basis to grant its motion for summary judgment.

### C. Assumption of Risk

Dollar General also moves for summary judgment because Woods "assumed the risk both by failing to use a shopping cart for support and by hurrying into the mat without looking down or otherwise exercising reasonable care." (ECF No. 94-1 at 15.) In Maryland, "assumption of the risk is an affirmative defense, which rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk." *ADM P'ship v. Martin*, 348 Md. 84, 102 (1997) (internal quotation marks omitted). It is a complete bar to a plaintiff's recovery. *Crews v. Hollenbach*, 358 Md. 627, 640 (2000). "To prevail on the defense of assumption of the risk, the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *Blood v. Hamami P'ship, LLP*, 143 Md. App. 375, 386 (2002) (internal quotation marks omitted). Like contributory negligence, the issue of assumption of risk is ordinarily reserved for a jury. *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 115 (2011).

Dollar General fails to prove its defense of assumption of risk because there is no evidence that Woods had "actual knowledge" of the risk of walking on the buckled mat before she walked on it. *Id.* There is no evidence that Woods was aware of the buckle in the mat before she fell. Without evidence of actual knowledge, the Court cannot find that Woods assumed the risk of her injuries. Dollar General's arguments that Woods assumed the risk by failing to use a shopping cart for support and hurrying into the mat without looking down are also unavailing. At best, these issues go to determining whether Woods was contributorily negligent. They do not demonstrate that Woods was aware of the buckle in the mat before she stepped onto it. Dollar General's motion for summary judgment must be denied as to its defense of assumption of risk.

## III. Conclusion

For the reasons set forth above, Dollar General's Motion for Summary Judgment (ECF No. 94) is **DENIED**. My chambers will contact counsel to schedule a conference call to set a trial date and deadlines for pretrial submissions.

Despite the informal nature of this letter, it is an Order of Court and shall be docketed accordingly.

Very truly yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge